UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER TYSON, *Plaintiff*, v. DISTRICT OF COLUMBIA, *et al.*, *Defendants*. | 1:20-cv-01450-RC |

### DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Jeanette Myrick and the District of Columbia (the District) respond to Plaintiff Christopher Tyson's Second Amended Complaint.

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted against the defendants.

### SECOND DEFENSE

In response to the numbered allegations of the Second Amended Complaint, the defendants respond as follows:[1]

### SECOND AMENDED COMPLAINT FOR DAMAGES WITH JURY DEMAND

Defendants admit that Tyson filed a Second Amended Complaint.

### INTRODUCTION

1.   Defendants admit Tyson has sued them for money damages due to an alleged

---

[1] For convenience and ease of reference only, Defendants utilizes the headings and numbering appearing in Tyson's Second Amended Complaint to provide its responses.

overdetention in D.C. Jail and deny the remaining allegations in paragraph 1.

## PARTIES

2.  Defendants lack sufficient information to admit or deny the allegations in paragraph 2.

3.  Defendants admit that Tyson sued the District and Myrick as defendants in this lawsuit and denies that Myrick was the Lead Supervisory Legal Instruments Examiner.

4.  Defendants admit that the District is subject to the provisions of 42 U.S. Code § 1983.

5.-6.  Admitted.

7.–8.  Denied.

9.  Admitted.

## THE REENTRY AND SANCTIONS CENTER

10.-12. Admitted.

## OVERDETENTIONS CAUSED BY DELAY IN PLACING PERSONS INTO THE REENTRY AND SANCTIONS CENTER

13.  Admitted.

14.-15. Defendants lack sufficient information to admit or deny the allegations in paragraphs 14 and 15.

16.  Admitted.

17.  Defendants lack sufficient information to admit or deny the allegations in paragraph 17.

18.  Denied.

## DETAILS OF MR. TYSON'S OVERDETENTION IN THE DC JAIL/ CTF WHILE AWAITING PLACEMENT IN RSC

19.  Denied.

20. Defendants admit that Tyson was sentenced on March 22, 2019 to 12 months incarceration, execution of sentence suspended as to all but six months and was committed to the custody of the Attorney General to be incarcerated for six months.

21. Defendants lack sufficient information to admit or deny the allegations in paragraph 21.

22.-26. Admitted.

27. Defendants admit that on May 1, 2020, Shelly Chisholm emailed various individuals at the Court Services & Offender Supervision Agency (CSOSA) and informed them that Tyson's sentence had expired, that he had been available for pick-up since April 30, 2019. Further answering, Defendants deny the remaining allegations in paragraph 27.

28. Defendants lack sufficient information to admit or deny the allegations in paragraph 28.

29.-30. Defendants admit that there are memoranda dated May 6, 2019 and May 8, 2019, that are addressed to Myrick and that were emailed.

31. Defendants lack sufficient information to admit or deny the allegations in paragraph 31.

32. Admitted.

33.-38. Denied.

## ANOTHER RECENT EXAMPLE

39. Denied.

40.-45. Defendants lack sufficient information to admit or deny the allegations in paragraphs 40 through 45.

## THE DISTRICT'S POLICIES AND PRACTICES

46. Admitted.

47. Defendants admit that inmates are housed at CFD, CTF, and various halfway houses in the District of Columbia. Defendants deny the remaining allegations.

48.–52. Denied.

53. Defendants admit that the allegations in paragraph 53 are Mr. Tyson's contentions. Otherwise the allegations of wrongdoing are denied.

54.-56. Defendants lack sufficient information to admit or deny the allegations in paragraphs 54 through 56.

57. Denied.

58. Defendants lack sufficient information to admit or deny the allegations in paragraph 58.

59. Denied.

60.-68. Defendants lack sufficient information to admit or deny the allegations in paragraphs 60 through 68.

69.-70. Denied.

### ALTERNATIVES TO OVERDETAINING DEFENDANTS IN THE DC JAIL

71.-72. Denied.

73. Admitted.

74. Denied.

### STRIP SEARCHES

75. Defendants admit that prisoners are subject to strip searches when entering or leaving the DC Jail and deny the remaining allegations in paragraph 75.

### COUNTS

### Count 1

**False Imprisonment Against Myrick**

76. Defendants repeat their responses to paragraphs 1 through 75 as if fully set forth and incorporated in this paragraph.

77.-79. Admitted.

80.-85. Denied.

**Count 2**
**Negligence Against Myrick**

86. Defendants repeat their responses to paragraphs 1 through 85 as if fully set forth and incorporated in this paragraph.

87. Admitted.

88.–89. Denied.

90.–91. Admitted.

92.–93. Denied.

94. Defendants admit that there was a file of prisoners who were held beyond their scheduled release dates and lack sufficient information to admit or deny the remaining allegations in paragraph 94.

95. Denied.

96. Defendants admit that in November 2015, Myrick testified that LIEs did not have access to Courtview. Further answering, Defendants deny the remaining allegations.

97.-98. Denied.

**Count 3**
**§ 1983 Liability of District of Columbia for Overdetentions (Fifth Amendment – Substantive Due Process)**

99. Defendants repeat their responses to paragraphs 1 through 98 as if fully set forth and incorporated in this paragraph.

5

100. Admitted.

101. Defendants admit that Mr. Tyson has a right to be released in accordance with the judge's order. Further answering, Defendants deny the remaining allegations.

102.-104. Denied.

105.-106. Admitted.

107. Defendants admit that Program Statement 4353.1C does not have a provision instructing DOC staff to take any action when the DOC is required to release an inmate into the custody of an outside agency and the agency does not come and pick them up, and deny the remaining allegations in paragraph 107.

108. Defendants admit that it was CSOSA's duty to pick up Mr. Tyson, and that this argument was made in several motions. Further responding, Defendants deny the remaining allegations.

109.-113. Denied.

## Count 4
### § 1983 Liability of District of Columbia for Overdetentions (Fifth Amendment – Procedural Due Process)

114. Defendants repeat their responses to paragraphs 1 through 113 as if fully set forth and incorporated in this paragraph.

115. Admitted.

116.–127. Denied.

Further responding, Defendants deny all allegations not admitted or otherwise answered.

## REQUEST FOR RELIEF

Defendants deny that Tyson is entitled to any relief.

### THIRD DEFENSE

Defendants assert the defense of estoppel, including collateral estoppel, issue preclusion, claim preclusion, and *res judicata*.

### FOURTH DEFENSE

The District did not violate Tysons's rights under 42 U.S.C. § 1983.

### FIFTH DEFENSE

Defendants were not required to release Tyson to the general public at the expiration of his sentence.

### SIXTH DEFENSE

Tyson may have failed to mitigate any damages he may have incurred.

### SEVENTH DEFENSE

Tyson may have failed to exhaust his administrative remedies and failed to fully comply with other mandatory filing requirements.

### EIGHTH DEFENSE

Tyson's claims may be barred by the doctrines of sovereign immunity or absolute immunity.

### NINTH DEFENSE

Defendants breached no duty owed to Tyson.

### TENTH DEFENSE

Defendants were not responsible for delaying Tyson's bed-to-bed transfer and at all relevant times acted consistently with all applicable laws, rules, and regulations.

### ELEVENTH DEFENSE

Tyson failed to state sufficient facts to establish municipal liability under 42 U.S.C. § 1983.

### TWELFTH DEFENSE

The District, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward Tyson in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

### THIRTEENTH DEFENSE

Defendants had no legal authority to release Tyson before CSOCA picked him up for the bed-to-bed transfer.

### FOURTEENTH DEFENSE

Defendants had legal authority to confine Tyson.

### FIFTEENTH DEFENSE

Myrick did not refuse to release Tyson.

### SIXTEENTH DEFENSE

Myrick did not proximately cause Tyson's alleged damages.

### SEVENTEENTH DEFENSE

Myrick is not a final policymaker.

### EIGHTEENTH DEFENSE

Myrick did not act with deliberate indifference to Tyson's constitutional rights.

### NINETEENTH DEFENSE

Myrick did not have a duty to release Tyson given the judge's order.

### TWENTIETH DEFENSE

Myrick did not refuse to release Tyson from confinement.

### TWENTY-FIRST DEFENSE

The District's policy or custom was not the moving force behind Tyson's alleged constitutional violation.

### TWENTY-SECOND DEFENSE

Tyson fails to allege a constitutional violation for which he can recover.

### TWENTY-THIRD DEFENSE

Tyson failed to exercise provided due process.

### TWENTY-FOURTH DEFENSE

The District did not show deliberate indifference to Tyson.

### TWENTY-FIFTH DEFENSE

The alleged actions taken by the District did not shock-the-conscience.

### TWENTY-SIXTH DEFENSE

Tyson did not have a liberty interest to be released to the general public before he satisfied all requirements under the judge's order.

### TWENTY-SEVENTH DEFENSE

Given the circumstances surrounding Tyson's detention, there is no clearly established law which required Tyson's release before he was released from custody.

Defendants reserve the right to amend their Answer and to raise any additional defenses which evidence in discovery may reveal.

### SET-OFF

The District asserts a set-off against any judgment rendered against it for all payments and other benefits provided to or on behalf of Tyson, including but not limited to all funds and services provided to plaintiff through public assistance, Medicaid, Medicare, or other sources.

### JURY DEMAND

Defendants request a trial by jury on all issues so triable.

Date: November 2, 2021                          Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division


*/s/  Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I


*/s/  James C. Underwood III*
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
Senior Assistant Attorney General
JAMES UNDERWOOD III[2]
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6600; (202) 701-0255 (direct)
(202) 741-8924 (fax)
kerslyn.featherstone@dc.gov;
james.underwood@dc.gov

*Counsel for Defendants Jeanette Myrick and the District of Columbia*

---

[2] Admitted to practice only in New York.  Practicing in the District of Columbia under the direct supervision of Patricia A. Oxendine, a member of the D.C. Bar under D.C. Court of Appeals Rule 49(c).